IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEWIS E. WASHINGTON III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-38-MHT-WC |
| | ) | |
| MYNESHA J. LEONARD, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1), Amended Complaint (Doc. 3), and Motions for Leave to Proceed *in forma pauperis* (Docs. 2 & 4).  On January 30, 2014, the District Judge entered an Order (Doc. 5) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

Upon review of the pleadings and the record in this case, and for the reasons that follow, the undersigned RECOMMENDS that this case be DISMISSED for lack of jurisdiction, and the Motion for Leave to Proceed *in forma pauperis* (Doc. 3) be DENIED as MOOT.

I.   **BACKGROUND**

*Pro se* Plaintiff brings this action against Mynesha J. Leonard, alleging child neglect and emotional abuse, breach of contract, and parental kidnaping and deprivation. Amend. Comp. (Doc. 3) at 3-5.  Plaintiff seeks an order from this court awarding him custody of Plaintiff and Defendant's minor child.  The child currently resides with

Defendant in Alabama, while Plaintiff resides in Georgia. Count I of the Amended Complaint alleges that Defendant has failed to provide the child with adequate care and adequate medical care and subjected the child to emotional abuse. Count II of the complaint alleges that Defendant has breached the terms of a private contract with Plaintiff regarding custody and visitation rights. Count III of the complaint essentially alleges kidnaping based on Defendant's refusal to allow Plaintiff to visit with the child.

## II.    DISCUSSION

Plaintiff's Complaint, and Amended Complaint seek the court's review and intervention into an on-going custody dispute in the Juvenile Court of Elmore County, Alabama. Indeed, the Complaint lists the court, the Judge assigned to the case, and the appointed guardian *ad litem*, and requests that this court interfere based on the "impartiality" of the state court judge. According to Plaintiff, the state court judge

> is very knowledgeable of [Plaintiff's] family through his wife and former co-worker of the father's uncle, and their son, a former team-mate of the father's brother [.] Thus a perceptual bias of the father has been developed and is noticed in the denial of several motions the father filed, which included a *Motion to Consolidate* hearings with child support, *Motion to Rehear on* a separate small claims case against Ms. Leonard, and an *Ex Parte Pendente Lite relief motion* based on negligence of the mother and documents in support of said facts. Furthermore, [the judge] has failed to recuse himself with this knowledge in hand.

Compl. (Doc. 1) at 2. Plaintiff seeks this court directly interfere in the state court matter, and issue a determination of custody. *Id*. at 7. Such interference is barred by the *Younger* abstention doctrine. The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty. Ethics Comm. v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id*. at 432. In determining whether it must abstain from exercising jurisdiction under *Younger*, a court must consider three factors: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.*

In this case, all three factors require the court to abstain from exercising jurisdiction over Plaintiff's claims. First, there is indeed an ongoing state court action in Elmore County. Second, child custody cases implicate important state interests, and "[t]hus, under *Younger* and [*Moore v. Sims*, 442 U.S. 415, 435 (1979)] federal district courts may not interfere with ongoing child custody proceedings." *Liedel v. Juvenile Court of Madison Cnty.*, 891 F.2d 1542, 1546 (11th Cir. 1990). Third, Plaintiff has the opportunity to raise his challenges, and indeed has, and then can appeal any adverse rulings as desired to the appropriate state court. It is not however, appropriate for this court to interfere with the Elmore County court's proceedings.

Plaintiff attempts to invoke this court's jurisdiction pursuant to 28 U.S.C. § 1738A, otherwise known as the Parental Kidnapping Protection Act ("PKPA"). However, this statute "imposes a duty on the States to enforce a child custody determination entered by a court of a sister State if the determination is consistent with the provisions of the Act." *Thompson v. Thompson*, 484 U.S. 174, 175-76 (1988). The PKPA does not create a private right of action. *See id.* at 182 ("The significance of

3

Congress' full faith and credit approach to the problem of child snatching is that the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action."). Thus, this statute does not confer this court with jurisdiction over this matter.

### III.   CONCLUSION

Because Plaintiff seeks to have this court interfere in ongoing state court proceedings, the *Younger* abstention doctrine requires this court abstain from exercising jurisdiction over this case. Thus, "the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara,* 468 F.3d at 1305.

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED for lack of jurisdiction and Plaintiff's Motions for Leave to Proceed i*n forma pauperis* (Docs. 2 & 4) be DENIED as MOOT.

It is further

ORDERED that on or before **March 11, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 25th day of February, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE